UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA QUEENER, ) <br> ) <br>          Plaintiff, ) <br> ) <br>          v. ) <br> ) <br> INDIANA DEPARTMENT OF CORRECTIONS ) <br> in their official and individual capacity as ) <br> custodian of the plaintiff, ) <br> WEXFORD MEDICAL SERVICES INC in their ) <br> official and individual capacity as Health Care ) <br> Provider for the Indiana Department of Correction, ) <br> ) <br>          Defendants. ) | No. 1:20-cv-00583-JPH-DML |

**ORDER SCREENING COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Indiana Department of Correction (IDOC) inmate Joshua Queener commenced this 42 U.S.C. § 1983 action on February 14, 2020 and paid the partial filing fee on May 12, 2020. Dkt. 11. The Court now screens the complaint and makes the following rulings.

**I.
Screening Standard**

Because Mr. Queener is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v.*

1

*Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2*)); see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes pro se pleadings liberally and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint names two defendants: Indiana Department of Correction (IDOC) and Wexford Medical Services, Inc. (Wexford). Although the plaintiff is now incarcerated at Westville Correctional Facility, the events alleged in the complaint took place while he was incarcerated at Plainfield Correctional Facility.

The plaintiff alleges that on May 3, 2019, he was attacked by another inmate who threw hot liquid on him and beat him. He experienced second degree burns on his arm, ribcage and chest. His leg and head were also injured. He was taken first the prison infirmary then to an Indianapolis hospital. He was released back to the prison infirmary on May 6, 2019 and was placed in segregation on approximately May 28, 2019.

While in the hospital, his bandages were changed twice each day. Wexford received orders to continue this schedule, but when he was released from the hospital, his bandages were only changed once each week. The lack of proper wound care caused the bandage changes to be very painful and delayed healing. On May 29, 2019, the plaintiff made multiple requests for pain medication and wound care but he was refused for over a week. He experienced needless extreme pain due to the lack of treatment. The plaintiff alleges that the defendants have a policy or practice of 1) failing to meet inmates' emergency medical needs, and 2) failing to train staff to diagnose, assess, or treat serious medical emergencies.

IDOC prepared an incident report, but the plaintiff has not seen it. He does not know the identities of any of the individuals involved in his treatment. He seeks compensatory and punitive damages.

## III.
## Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, any claim against the IDOC is **dismissed** as barred by the Eleventh Amendment. "'The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment.'" *de Lima Silva v. Dep't of Corrections*, 917 F.3d 546, 565 (7th Cir. 2019) (quoting *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005)). "This immunity extends to state agencies and state officials in their official capacities." *Id.* As a state agency, Eleventh Amendment immunity would apply to any claim for damages raised against the IDOC.

Second, the plaintiff's policy and practice claim against Wexford **shall proceed**.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through August 17, 2020**, in which to identify those claims. The complaint raises allegations against unknown individuals. Should the plaintiff learn the identity of individual defendants through the discovery process, he may file a motion to amend his complaint to name additional individual defendants.

## IV.
## Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Wexford in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Wexford electronically. **The clerk is directed** to terminate the Indiana Department of Correction as a defendant on the docket. The Court understands that defendant Wexford should properly be reflected on the docket as Wexford of Indiana, LLC. Therefore, the **clerk is directed** to update the docket to reflect that the only defendant in this action is Wexford of Indiana, LLC.

**SO ORDERED.**

Date: 7/20/2020

                                                                       James Patrick Hanlon
                                                                       United States District Judge
                                                                        Southern District of Indiana

Distribution:

JOSHUA QUEENER
192015
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Wexford of Indiana, LLC