UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA QUEENER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00583-JPH-DML |
| ) | |
| WEXFORD OF INDIANA, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Joshua Queener, an inmate in the Indiana Department of Correction, filed this civil rights action alleging that defendant Wexford of Indiana, LLC, based on its policies and practices, provided constitutionally inadequate medical care for his second-degree burns. Wexford has moved for summary judgment based on Mr. Queener's failure to exhaust available administrative remedies. Mr. Queener has not responded to the motion for summary judgment, and the deadline to do so has passed.

**I.   Summary Judgment Standard**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

Because Mr. Queener did not respond to the motion for summary judgment, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. L.R. 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the summary judgment standard, but it does "reduc[e] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II.     Undisputed Facts

In his complaint, Mr. Queener alleges that another inmate attacked him with chemical-laced coffee on May 3, 2019, causing second-degree burns. Mr. Queener was hospitalized, and he alleges that Wexford employees failed to properly treat him when he returned to Plainfield Correctional Facility.

Plainfield Correctional Facility inmates have access to the Indiana Department of Correction's offender grievance process. Dkt. 27-1 at 2, ¶ 7 (Jeremy Jones declaration). To complete the grievance process, an inmate must present his grievance through several levels of review: an informal complaint or request for interview, a formal grievance, and two levels of

appeals. *Id.* at 2−6, ¶¶ 9−28. The Indiana Department of Correction and Plainfield Correctional Facility maintain records of inmate grievances. *Id.* at 1, ¶ 4. These records show that Mr. Queener did not file any informal or formal grievances regarding his medical treatment after his return from the hospital in May 2019. *Id.* at 7, ¶¶ 32−36.

### III.   Discussion

"No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[This] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "To exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90−91 (2006)). Because exhaustion is an affirmative defense, Wexford must show that administrative remedies were available and that Mr. Queener failed to use them. *Id.*

Wexford has presented undisputed evidence that the Indiana Department of Correction's offender grievance process was available to Mr. Queener and that he did not file any informal or formal grievances related to the claims he raises in this action. Based on Mr. Queener's failure to exhaust available administrative remedies, Wexford is entitled to summary judgment. All claims against Wexford are therefore **DISMISSED** without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]l dismissals under § 1997e(a) should be without prejudice.").

## IV.  Conclusion

Wexford's motion for summary judgment, dkt. [25], is **GRANTED**. All claims by Mr. Queener against Wexford of Indiana, LLC, are **DISMISSED** without prejudice. This Order resolves all remaining claims in Mr. Queener's complaint. Final judgment shall now enter.

**SO ORDERED.**

Date: 4/20/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSHUA QUEENER
192015
WESTVILLE – Correctional Facility
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com